GREGORY A. BROWER
United States Attorney
Nevada BAr #5232

GREG ADDINGTON
Assistant United States Attorney
Nevada Bar #6875
100 West Liberty Street, Suite 600
Reno, Nevada 89501
(775) 784-5438
(775) 784-5181-facsimile

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RICHARD CORNETT, | 3:07-cv-0131-LRH (RAM) |
| Plaintiff, | UNITED STATES' MOTION FOR LEAVE TO PARTICIPATE IN SETTLEMENT CONFERENCE WITHOUT THE APPEARANCE OF THE ASSISTANT ATTORNEY GENERAL FOR THE CIVIL DIVISION |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

Comes now the defendant United States, through its undersigned counsel, and moves this court for leave to participate in the settlement conference scheduled for February 5, 2008, without the appearance of the Assistant Attorney General for the Civil Division. This motion is supported by the representations and discussion set forth below.

I. INTRODUCTION

This is an action for damages on account of alleged medical malpractice brought against the United States under the Federal Tort Claims Act (FTCA). Pretrial discovery conducted to date has revealed that plaintiff Richard Cornett has a significant disability which may require extensive medical monitoring and intervention as well as nursing care and other supportive care, all of which plaintiff alleges to be compensable damages recoverable in this action.

A settlement conference has been scheduled for February 5, 2008. This court's order (#21) regarding the settlement conference states, among other things, that "an authorized representative" of each client (including governmental entities) be present at the settlement conference and that such authorized representative be a person with "final settlement authority" to commit "in the representative's own discretion" to a settlement up to the amount of the plaintiff's last settlement demand.

The United States has been represented by the U.S. Attorney's Office and the undersigned Assistant United States Attorney throughout the course of this medical malpractice action. As discussed below, there is good cause for the court to allow the scheduled settlement conference to proceed in accordance with the settlement procedures established by applicable Department of Justice regulations, without the presence of the Assistant Attorney General of the Civil Division.

II. DISCUSSION

Pursuant to 28 USC §§ 516-519, the Attorney General of the United States is vested with authority to conduct all litigation on behalf of the United States and its agencies and officers, unless otherwise provided by law. Under 28 USC § 2677, the Attorney General has authority to settle any FTCA claim.[1] Not surprisingly, a portion of this authority has been delegated (and re-delegated) to various subordinate officials within the U.S. Department of Justice (DOJ). The Attorney General has delegated settlement authority in civil cases to certain DOJ officials, including the Assistant Attorney General for the Civil Division, so long as the principal amount of the proposed settlement does not exceed $2 million. See 28 C.F.R. § 0.160(a)(2). The compromising of claims beyond that limit must be approved by the Deputy

---

[1] The Attorney General also has the "inherent authority" to compromise any action insofar as it involves the United States or its agencies and officials, independent of any express statutory provision. See Swift & Co. v. United States, 276 U.S. 311, 331-32 (1928).

2

Attorney General, or Associate Attorney General, as appropriate. See 28 C.F.R. §§ 0.161(b).

The Assistant Attorney General for the Civil Division has redelegated portions of the Attorney General's settlement authority to United States Attorneys (and to various Branch Directors of DOJ litigating divisions in WAshington, DC). Based on that redelegation, the United States Attorneys have the authority to settle all cases against the United States where the principal amount of the settlement does not exceed $1 million. See 28 C.F.R. Ch. 1, Pt. O, Subpt. Y. In cases where the settlement value exceeds $1 million, the approval of the Assistant Attorney General or (as the case may be) the Associate Attorney General must be obtained. In order to accomplish this, the United States Attorney must make a written request for such approval, with such a request being subject to multiple intermediate reviews and recommendations within DOJ.

The legislative history of the Judicial Improvements Act of 1990, 28 USC § 471, *et seq*, reveals Congress' acknowledgement of the centralized decisionmaking by the United States because of the large volume of cases litigated by the United States: "[t]he Department [of Justice] does not delegate broad settlement authority to all trial counsel, but instead reserves to senior officials in the United States Attorneys' Offices or in the litigative divisions in Washington." See S.Rep.No. 416, 101st Cong., 2d Sess. 1990, *reprinted in* 1990 U.S.C.C.A.N. 6802, 6848.

In In re Stone, 986 F.2d 898, 903 (5th Cir. 1993), the Fifth Circuit, in discussing DOJ's settlement procedures, stated:

> The purpose of the structure established by the Attorney General is to promote centralized decisionmaking on important questions…Centralized decisionmaking promotes three important objectives. First, it allows the government to act consistently in important cases, a value more or less recognized by the Equal Protection Clause. Second, centralized decisionmaking allows the executive branch to pursue policy goals more effectively by placing ultimate authority in the hands of few officials. Third, by giving authority to high-ranking officials, centralized decisionmaking better promotes political accountability. Given the reasonable policy justifications for the Justice Department's settlement regulations and the insignificant interference with the

operation of the courts, the district court abused its discretion in not respecting those regulations.

In <u>United States v. Mendoza</u>, 464 U.S. 154, 159-60 (1984), the Supreme Court also acknowledged the unique burden on the United States in litigation:

[w]e have long recognized that 'the Government is not in a position identical to that of a private litigant,' both because of the geographic breadth of government litigation and also, most importantly, because of the nature of the issues the government litigates. It is not open to serious dispute that the government is a party to a far greater number of cases on a nationwide basis than even the most litigious private entity.

The United States (and its undersigned counsel) fully appreciates the important role of settlement conferences in civil litigation and also recognizes the importance of meaningful participation in such conferences. Undersigned counsel has participated in a multitude of such conferences conducted by this court without the presence of high-ranking DOJ officials. It would be (1) excessively burdensome and (2) serve no purpose to require the presence of the Assistant Attorney General for the Civil Division at the February 5 settlement conference (as the order suggests is required). It is the United States Attorney's Office that will determine whether this case has settlement value and, if so, whether that value is within the settlement authority of the United States Attorney or above. If it is above, the Assistant Attorney General for the Civil Division (or the Associate Attorney General) will learn of the pendency of this action and act on a settlement proposal only through an institutional process which includes multiple levels of intermediate review and recommendation, a process which begins with a written request by the United States Attorney. It would be extremely burdensome to require the Assistant Attorney General to attend the hundreds of mediation and settlement conferences every year in FTCA litigation across the nation and, given the settlement approval process within DOJ, it would not be productive to require such attendance.

Consistent with past practice, the undersigned will ensure that this FTCA action is thoroughly evaluated by appropriate officials within the U.S. Attorney's Office and other

1 appropriate DOJ officials in advance of the settlement conference. The expectation is that the
2 undersigned will participate in the settlement conference along with the Chief of the Civil
3 Division of the U.S. Attorney's Office and an attorney representative of the Department of
4 Veteran's Affairs. It is also anticipated that additional DOJ officials in Washington, D.C., who
5 may have a role in processing approval of a settlement proposal, will be available by telephone
6 throughout the course of the settlement conference and be familiar with this action.

### III. CONCLUSION

For the foregoing reasons, it is respectfully requested that the United States be granted leave to participate in the settlement conference scheduled for February 5, 2008, without the appearance of the Assistant Attorney General for the Civil Division.

Respectfully submitted,

GREGORY A. BROWER
United States Attorney

  /s/ Greg Addington
GREG ADDINGTON
Assistant U.S. Attorney

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE
DATED: _____ January 14, 2008 _____

5

CERTIFICATE OF SERVICE

It is hereby certified that service of the foregoing UNITED STATES' MOTION FOR LEAVE TO PARTICIPATE IN SETTLEMENT CONFERENCE WITHOUT THE APPEARANCE OF THE ASSISTANT ATTORNEY GENERAL FOR THE CIVIL DIVISION was made through the Court's electronic filing and notice system or, as appropriate, by sending a copy of same by first class mail, addressed to the following addressees, on this 11th day of January, 2008.

Martin Berman, Esq.
400 South Farrell Drive, Suite B-102
Palm Springs, CA 92262

Jeanne Anne Steffin, Esq.
626 North Garfield Avenue, Suite A
Alhambra, CA 91801-1448

Marc Picker, Esq.
729 Evans Avenue
Reno, NV 89505-3344

       /s/ Greg Addington
       GREG ADDINGTON
       Assistant U.S. Attorney